UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. TOWER CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>STS INTERNATIONAL, INC.; and DOES 1-100,<br><br>Defendants. | CIV-F-08-0228 AWI SMS<br><br>ORDER RE: DEFENDANT'S MOTION TO DISMISS THE SIXTH AND TENTH CAUSES OF ACTION; MOTION TO STRIKE PUNITIVE DAMAGES; AND MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE |

**I. History**[1]

Plaintiff U.S. Tower Corporation (a California corporation) entered into a contract with Defendant STS International, Inc. (a West Virginia corporation) to build surveillance towers on March 2, 2004. The towers were to be constructed by Plaintiff in Tulare County and delivered to Defendant in West Virginia and Florida. At some time after March 2, the parties agreed to modify the contract in an unspecified manner. Plaintiff alleges the modifications entitle it to an additional $1,104,162.31. The parties also signed non-disclosure agreements on April 7 and August 14, 2004.

Plaintiff filed suit on February 14, 2008, alleging Defendant failed to pay the additional

---

[1] The factual history is provided for background only and does not form the basis of the court's decision; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

$1.1 million owed and violated the non-disclosure agreements by sharing confidential information with third party J.W. Appley and Sons (a Florida entity).  The complaint contains ten causes of action and a request for punitive damages.  On April 8, 2008, Defendant filed a motion to (1) dismiss the sixth and tenth causes of action, (2) strike the request for punitive damages, and (3) dismiss or transfer the case for improper venue. Doc. 6.  On April 25, 2008, Plaintiff filed a partial opposition.  Plaintiff agrees that its complaint failed to state a claim for fraud (sixth cause of action) and seeks to dismiss the claim without prejudice.  As the request for punitive damages was conditioned on the fraud claim, Plaintiff similarly seeks to dismiss/withdraw its request for punitive damages without prejudice.  Plaintiff admits its tenth cause of action is based on a statute (18 U.S.C. §1832) which does not provide for a private cause of action. See Doc. 12, Opposition, at 2.  Plaintiff argues venue is proper in the Eastern District as "a substantial part of the events or omissions giving rise to the claim occurred" here. Doc. 1, Complaint, at 1:26-27.  Defendant filed a timely reply in which it raised the possibility that "the Court defer ruling until the factual record can be more fully vetted as to the venue issue." Doc. 16, Reply, at 5:24-25.  The matter was taken under submission without oral argument. Doc. 18.

## II. Legal Standards

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move for dismissal of the case on the basis of improper venue.  Title 28 U.S.C. §1391 is the general code section governing venue. "A civil action wherein jurisdiction is founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(a).  "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial

district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. §1391(c).

A "substantial part of the events or omissions" does not mean that the events in that district predominate or that the chosen district is the "best venue." First of Mich. Corp. v. Bramlet, 141 F.3d 260, 264 (6th Cir. 1998); Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 563 (8th Cir. 2003). "[I]t is possible for venue to be proper in more than one judicial district." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004).

"Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005), citing Airola v. King, 505 F. Supp. 30, 31 (D. Ariz. 1980); see also Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Bohara v. Backus Hosp. Med. Ben. Plan, 390 F. Supp. 2d 957, 960 (C.D. Cal. 2005); Flamingo Indus. (U.S.A.), Ltd. v. United States Postal Serv., 2004 U.S. Dist. LEXIS 17530, *6 (N.D. Cal. Aug. 23, 2004). In deciding a Fed. R. Civ. Proc. 12(b)(3) motion, a court may consider facts outside the pleadings and need not accept the pleadings as true. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). If there are contested factual issues, the court is obligated to draw all reasonable inferences and resolve the factual conflicts in favor of the non-moving party or hold a pre-trial evidentiary hearing on the disputed facts. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138-9 (9th Cir. 2004).

### III. Discussion

"Generally, when multiple causes of action are joined, venue must be established for each separate cause of action....Since Hurn v. Oursler [289 U.S. 238] was decided in 1933, factually interrelated claims have been considered to be one cause of action with two grounds of relief. If venue is proper for one ground, this will support adjudication of the related ground. As an additional or alternative rationale for allowing venue over joined causes of actions, courts have

3

relied on a theory of 'pendent' venue analogous to the pendent jurisdiction doctrine (now called supplemental jurisdiction)." 17 James Wm. Moore et al, Moore's Federal Practice §110.05 (3rd ed 2008). In this case, the court perceives two groups of claims. The first, second, third, fourth, and fifth causes of action are founded on the allegation that Defendant failed to pay Plaintiff the additional $1.1 million based on modifications of the March 2, 2004 contract. The seventh, eighth, and ninth causes of action case are founded on an alleged violation of the nondisclosure agreements of April 7 and August 12, 2004. The parties have not addressed whether the two groups of claims constitute one unified or two separate causes of action for the purposes of venue analysis. Assuming they are analytically separate claims, the parties have not indicated their positions on pendent venue jurisdiction and/or possible bifurcation of the case.

In a breach of contract case concerning dispute over payment, venue was found proper in the district where the good was manufactured. Enviroplan, Inc. v. Western Farmers Elec. Coop., 900 F. Supp. 1055, 1062 (S.D. Ind. 1995) ("A review of the facts of the controversy establishes the statutorily required nexus with this forum. Plaintiff alleges that a substantial part of the events giving rise to this dispute occurred in Indianapolis. Plaintiff alleges that it expended 45% of its labor in performing the Contract at its Indianapolis facility, specifically in the design and manufacture of the CEMS, and expended the balance of its labor nearly equally on tasks relating to software customization in New Jersey and certification and support work in Oklahoma"). In a case involving claims of breach of a confidentiality agreement, the district court found venue proper as the confidentiality agreement was partially negotiated within the district. Sacody Technologies v. Avant, Inc., 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994) ("First, there is no dispute that at least some of defendants' 'dealings with Sacody in relation to the Confidentiality Agreement took place over the phone and by correspondence and facsimile between Avant and Sacody in Massachusetts and New York, respectively.' In particular, Sacody argues, inter alia, that 'the Confidentiality Agreement was transmitted from and to [Sacody's] offices within this district.' In this light, the Court finds that Sacody has sufficiently alleged that 'a substantial part' of the events giving rise to Sacody's claims 'occurred' within this District").

The parties' briefing conflate the venue analysis of the two groups of claims and include

arguments more appropriate to 28 U.S.C. §1404 than to 28 U.S.C. §1406.  Defendant cites to a Southern District case that states "when the venue facts are inextricably intertwined with the merits of the action, the court may properly defer resolution of the venue issue until the factual record is more fully developed." Alpha Mech., Heating & Air Conditioning, Inc. v. SEI Group, Inc., 2007 U.S. Dist. LEXIS 2751, *7 (S.D. Cal. Jan. 3, 2007).  This appears to be a case where development of the record and clarification of the parties' positions can lead to a better resolution of the issue.

### IV. Order

Defendant's motion to dismiss the sixth cause of action is GRANTED without prejudice.

Defendant's motion to dismiss the tenth cause of action is GRANTED with prejudice.

Defendant's motion to strike the request for punitive damages is GRANTED without prejudice.

Defendant's motion to dismiss for improper venue is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:     May 14, 2008**            /s/ Anthony W. Ishii
                                    UNITED STATES DISTRICT JUDGE